**Zuj SELJIMANJIN, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 04–5468–AG.**

United States Court of Appeals, Second Circuit.

Feb. 15, 2006.

Sam Gjoni, New York, New York, for Petitioner.

R. Alexander Acosta, United States Attorney, Southern District of Florida, Anne R. Schultz, Laura Thomas Rivero, Lisette M. Reid, Assistant United States Attorneys, Miami, Florida, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. GUIDO CALABRESI, and Hon. SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Zuj Seljimanjin, a native and citizen of Serbia–Montenegro, petitions on behalf of himself, his wife and two minor children, for review of an October 1, 2004 order of the Board of Immigration Appeals ("BIA"), affirming an immigration judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the facts of this case, its procedural history, and the decision below.

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005) (per curiam)

In this case, substantial evidence supports the IJ's adverse credibility finding. The IJ reasonably concluded that Seljimanjin's testimony and that of his wife and father were substantially inconsistent on material matters, including, *inter alia*, (1) the inconsistency between Seljimanjin's testimony and that of his wife about the time of day and events concerning his detention after his father's arrest of January 15, 2001, (2) the inconsistency in the testimony of Seljimanjin, his wife and father in describing the length of time of his father's detention after his arrest on January 15, 2001, and (3) the inconsistency between Seljimanjin's asylum application and his and his wife's testimony about a summons to join the army. These inconsistencies, and the many others noted by the IJ, supported the IJ's adverse credibility determination because they involved "the heart of the asylum claim," *see Secaida–Rosales v. INS*, 331 F.3d 297, 308 (2d Cir.2003) (citing *Gao v. Ashcroft*, 299 F.3d 266, 272 (3d Cir.2002)), and were not "minor and isolated disparities." *Id.* (citing *Diallo v. INS*, 232 F.3d 279, 288 (2d Cir. 2000)).

Although a reasonable adjudicator could have accepted Seljimanjin's explanations for the the inconsistencies and omissions in his application and the testimony presented at the hearing, the IJ was not compelled to accept those explanations given the extensive inconsistencies in the hearing testimony. *See Zhou Yun Zhang v. INS*, 386 F.3d 66, 74 (2d Cir.2004).

Because claims for withholding of removal face a heavier burden of proof than claims for asylum, *see id.* at 71, an applicant who fails to establish eligibility for asylum necessarily fails to establish eligibility for withholding where, as here, the applicant's testimony is the only evidence that his or her "life or freedom would be threatened" in the home country. 8 U.S.C. § 1231(b)(3)(A). Seljimanjin has failed to present any factual or legal arguments in his appellate brief explaining why he is entitled to CAT relief and this claim is therefore waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal is DENIED as moot.